**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-5031**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MONTE EMMANUEL STRAITE,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:11-cr-00321-NCT-1)

───────────────

Submitted:  April 16, 2014        Decided:  June 23, 2014

───────────────

Before TRAXLER, Chief Judge, Niemeyer and Duncan, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

David Bruce Freedman, CRUMPLER, FREEDMAN, PARKER & WITT, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Greensboro, North Carolina, Graham T. Green, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina; Christopher Edwards, Third Year Law Student, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monte Straite appeals his jury convictions of (1) bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2; (2) armed bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2; (3) carry and use, by brandishing, of firearms during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; (4) attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2; (5) attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2; and (6) carry and use, by brandishing, of firearms during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Counts One through Three relate to the armed robbery of a Bank of America in Advance, Davie County, North Carolina, on April 23, 2009. Counts Four through Six relate to the attempted armed robbery of the same bank on July 6, 2009. The district court sentenced Straite to 519 months' imprisonment. On appeal, he argues that the district court erred in denying his Rule 29 motion for a judgment of acquittal and in admitting evidence of his involvement in two robberies in 2005. For the following reasons, we affirm.

I.

Viewed in the light most favorable to the government, see United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998), the evidence adduced at trial established the following. On April

2

23, 2009, at approximately 9:30 a.m., the driver of a dark-colored minivan parked near the front door of a Bank of America in Davie County, North Carolina. Three people dressed head-to-toe in black, with their faces covered, and armed with several firearms exited the minivan and ran into the bank. They carried "fancy cloth shopping bags," J.A. 186, and were dressed like "ninjas," J.A. 129. Two of the robbers forced the bank manager and assistant manager out of their offices and into a separate room where the vault and safe were located, striking them both and ordering that the safe be opened. The third assailant jumped over the teller counter and forced the two bank employees working there to remove the money from their respective drawers. The three robbers then ran out of the bank, taking $51,091.00.

On July 6, 2009, at approximately 4:30 p.m., the branch manager at the same bank saw a red Jeep Cherokee enter the parking lot at an unusually high rate of speed and back into a parking spot near the front door. The manager and assistant manager saw three armed individuals in black clothes exit the vehicle. The assistant manager testified that "[i]t was three people and they were running, much in the exact fashion that they had before. . . . They were wearing black outfits that looked like ninjas. . . . It looked like the same exact people." J.A. 138. The manager ran to the front door and locked it, then directed the bank's employees to move toward the back of the

3

building.  After briefly attempting to enter the bank, the three individuals got back into the Jeep and drove away.  The manager told police that the driver of the Jeep was a woman.

Shortly after the attempted robbery, deputies from the Davie County Sheriff's Office found the Jeep abandoned in a neighborhood near the bank.  Inside, the deputies found a black t-shirt and a cell phone belonging to Shaketha Burris.  The officers recovered the phone's contact list and a series of text messages to a person identified on the contact list as "Monte." The deputies also discovered a burgundy van parked directly beside the Jeep[1]; the bank manager later identified the van as the one used in the April 23 robbery.

The same afternoon, a North Carolina Highway Patrol trooper stopped a green Oldsmobile approximately 200 yards from the bank.  The driver identified herself as Shaketha Burris and told the trooper, "I'm the one you're looking for." J.A. 213.  The trooper found several items of black clothing, a handgun, and a black pistol-grip shotgun in the vehicle.  Burris later testified that she attempted to rob the bank with Straite and two other men.

II.

---

[1] Both the Jeep and the minivan were reported stolen from Charlotte.

4

Straite first challenges the district court's denial of his motion, pursuant to Federal Rule of Criminal Procedure 29, for a judgment of acquittal on all six counts of the indictment. We review the district court's denial of Straite's motion de novo, and "we are obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (internal quotation marks omitted). "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. We consider both circumstantial and direct evidence, drawing all reasonable inferences in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

Viewing the evidence adduced at trial in the light most favorable to the government, we conclude that there was sufficient evidence from which a jury could find Straite guilty beyond a reasonable doubt of all six counts of the indictment. The government introduced the testimony of two of Straite's accomplices -- Burris and Andrew Atkinson -- which directly

implicated Straite in the July 6 attempted armed robbery.[2] Further, Atkinson testified that on July 6, Straite admitted to Atkinson that he had robbed the Bank of America before, and the testimony from the bank manager and assistant manager established a strong link between the July 6 attempt and the April 23 armed robbery. Several of the witnesses testified that Straite was armed during both incidents. The government also introduced data from Straite's cell phone records, showing that he traveled from Charlotte, the city from which the minivan and the Jeep were reported stolen, to the vicinity of the bank and back on April 23 and July 6. Based on this evidence, a rational trier of fact could have found Straite guilty beyond a reasonable doubt of all six counts of the indictment. Accordingly, we find that the district court did not err in denying Straite's Rule 29 motion.

### III.

Straite also challenges the district court's admission of evidence that he robbed two Food Lion grocery stores in North

---

[2] Straite argues that the evidence connecting him to the July 6 attempted armed robbery is insufficient to support his convictions on Counts Four, Five, and Six because the only evidence against him is the testimony of his accomplices, who received favorable treatment in exchange for their testimony. However, this court does not judge the credibility of witnesses or weigh evidence, as that role is reserved for the jury. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).

Carolina in 2005, asserting that there was "insufficient similarity between the 2005 crime[s] and the crimes on trial" and that the characteristics of the robberies are "of the nature and type common to any if not all armed robberies across the country." Appellant's Br. at 14. The district court admitted the evidence under Federal Rule of Evidence 404(b)[3] based on its tendency "to show by some means the identification of a person who committed the first act and is on trial for commission of the present act." J.A. 156.

We review the district court's decision to admit the evidence for an abuse of discretion, which we will not find unless the decision was "arbitrary and irrational." United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011) (internal quotation marks omitted). For evidence to be admissible under Rule 404(b), it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Additionally, the prejudicial effect of the evidence must not

---

[3] Rule 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

7

substantially outweigh its probative value. Id. Importantly, "[a]s we have explained, Rule 404(b) is an inclusive rule." United States v. Lespier, 725 F.3d 437, 448 (4th Cir. 2013) (internal quotation marks omitted). When a district court has abused its discretion by improperly admitting evidence under Rule 404(b), we determine whether the error was nonetheless harmless by asking "whether we can say that we believe it highly probable that the error did not affect the judgment." United States v. Lighty, 616 F.3d 321, 356 (4th Cir. 2010) (internal quotation marks omitted).

Having reviewed the parties' submissions, the record, and the applicable law, we conclude that the district court did not abuse its discretion in admitting evidence of the 2005 robberies under Rule 404(b). The 2005 robberies and the 2009 armed robbery and attempted armed robbery were substantially similar in nature. Thus, the evidence of the 2005 robberies was admissible under Rule 404(b) to help establish that Straite committed the 2009 offenses. Further, assuming, as Straite suggests, that the district court improperly admitted the evidence, we find that any error was harmless. As discussed above, the government introduced ample evidence of Straite's guilt, and "we can say with fair assurance" that any error in admitting the contested evidence did not affect the verdict. See id. at 355 (internal quotation marks omitted).

IV.

For the foregoing reasons, we affirm Straite's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

AFFIRMED