**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2843
_____


UNITED STATES OF AMERICA

v.

RONALD DEWITT VINES,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cr-00013-001)
District Judge: Honorable Paul S. Diamond

_____

Argued: December 11, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: April 21, 2025)


Robert A. Zauzmer  **[ARGUED]**
UNITED STATES ATTORNEY'S OFFICE
615 Chestnut Street

Suite 1250
Philadelphia, PA 19106
*Counsel for Appellee*

Justin Aimonetti     [**ARGUED,** WITHDREW APPEARANCE]
DECHERT
1900 K Street NW
Washington, DC 20006

Michael H. McGinley
Shane Sanderson
DECHERT
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

Julia Shea
DECHERT
1095 Avenue of the Americas
3 Bryant Park
New York, NY 10036
*Counsel for Appellant*

---

## OPINION OF THE COURT

---

BIBAS, *Circuit Judge*.

Once in a blue moon, the categorical approach ends up in the right place. Ronald Vines and his sons tried to rob a bank at gunpoint. He pleaded guilty to both attempted armed bank robbery and brandishing a gun while committing a crime of violence. Now he challenges his second conviction, insisting that attempted armed bank robbery is not a crime of violence because someone can attempt an armed bank robbery without using force, violence, or intimidation.

He is wrong. Even without a weapon, attempted bank robbery under 18 U.S.C. § 2113(a)'s first paragraph is a crime of violence because it requires making the attempt "by force and violence, or by intimidation." And adding a gun makes the robbery no less violent. § 2113(d). Common sense tells us that, but so does the categorical approach. This is the rare night when the blue moon has risen. So the District Court rightly upheld Vines's conviction and sentence.

### I. VINES TRIED TO ROB A BANK AT GUNPOINT

One morning, Vines and his two adult sons left the house on a mission. They got a loaded rifle, a loaded revolver, a face mask, body armor, zip ties, a police scanner, handheld radios, and a tarp and hit the road. The road led to the bank, where they hung up the tarp outside, hid behind it, and watched the bank tellers arrive. While Vines and one of his sons waited behind

3

the tarp, the other son put on the face mask, grabbed the revolver, and snuck up on a teller. He forced her inside at gunpoint but was spotted by another employee who screamed and fled, drawing attention. Vines signaled for his son to flee, so they hopped back into the car and hit the road again. This time, their trip was cut short by police.

Vines pleaded guilty to two federal crimes. The first was attempted armed bank robbery under 18 U.S.C. §§ 2113(d) & 2 (aiding and abetting). That violation was based on attempting to violate § 2113(a), specifically the first clause of the first paragraph, which criminalizes bank robbery. The second crime piggybacked on the first: brandishing a gun while committing *a crime of violence* (the attempted armed bank robbery), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2 (aiding and abetting).

Because Vines's lawyer neither objected to his § 924(c) charge nor appealed, Vines had to challenge his conviction and sentence collaterally. *See* 28 U.S.C. § 2255. He claimed that his conviction for attempted armed bank robbery was not a crime of violence under § 924(c). The District Court denied that motion but granted a certificate of appealability. On appeal, Vines got permission also to argue that his plea lawyer was ineffective for not asserting that attempted armed bank robbery is not a crime of violence. Both claims turn on pure legal issues, so we review them de novo. *United States v. Jenkins*, 68 F.4th 148, 151 (3d Cir. 2023).

## II. WE APPLY THE CATEGORICAL APPROACH TO §2113(d) AND THE ROBBERY CLAUSE OF THE FIRST PARAGRAPH OF §2113(a)

To figure out if Vines's §2113(d) conviction was a predicate crime of violence under §924(c), we use the much-maligned categorical approach. *United States v. Jordan*, 96 F.4th 584, 589 (3d Cir. 2024). That approach forbids us to consider what Vines *actually* did. Instead, it forces us to imagine the least violent conduct that a hypothetical defendant *might* have done to be convicted of this crime. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013); *Mathis v. United States*, 579 U.S. 500, 504 (2016). Here, that means concocting the least culpable violation of §2113(d) and asking whether it "match[es] the elements of" a crime of violence as defined in §924(c)(3)(A). *Mathis*, 579 U.S. at 504.

Before we get to that matching, we must first figure out the elements of §2113(d). Statutes often are divisible: They "list elements in the alternative, and thereby define multiple crimes." *Mathis*, 579 U.S. at 505. But we can separate out these crimes and focus on only the elements that were "integral to the defendant's conviction." *Id.*

We start with Vines's conviction for attempted armed bank robbery. Section 2113(d) applies to:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device.

5

So a conviction under § 2113(d) can be based on either (a) or (b) and "incorporates each subsection's elements." *Jordan*, 96 F.4th at 591. Subsections (a) and (b) apply to different kinds of bank theft: (a) covers robbery, extortion, and burglary, while (b) covers larceny. We have already held that these subsections are divisible from each other. *Id.* at 590. And Vines pleaded guilty to violating subsection (a), so we can focus just on that subsection. The subsection has two paragraphs: the first covering robbery and extortion; the second, burglary. We have already held that the first paragraph is divisible from the second, and Vines pleaded guilty to violating the first. *Id.* So we can focus on that paragraph alone.

But now we must dive a level deeper. Subsection (a)'s first paragraph contains two separate clauses: one criminalizes taking a bank's property (or attempting to take it) "by force and violence, or by intimidation"; the other bars "obtain[ing] or attempt[ing] to obtain" a bank's property "by extortion." § 2113(a). We ask whether these clauses are divisible or must be analyzed together. We hold that they are divisible.

A person violates the first paragraph of § 2113(a) if he:

by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.

18 U.S.C. § 2113(a) (first paragraph).

6

Here is that paragraph with each clause split out:

[*First clause: bank robbery*] by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another,

or

[*Second clause: bank extortion*] obtains or attempts to obtain by extortion [various types of bank property, like its money].

*Id.* (line breaks added).

Almost all our sister circuits that have addressed the question agree that these two clauses set out two separate, divisible crimes: bank robbery and bank extortion. *King v. United States*, 965 F.3d 60, 69 (1st Cir. 2020); *United States v. Evans*, 924 F.3d 21, 28 (2d Cir. 2019); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018); *United States v. Armstrong*, 122 F.4th 1278, 1286 (11th Cir. 2024). *Contra United States v. Burwell*, 122 F.4th 984, 986 (D.C. Cir. 2024).

That near-consensus is sound. The first clause applies to someone who uses force, violence, or intimidation to take something: in other words, robbery. 18 U.S.C. § 2113(a); *see* 4 William Blackstone, *Commentaries* *241–42. And the second clause explicitly requires extortion. Those distinct concepts have distinct requirements. Robbery traditionally meant taking something from someone against her will. *See id.*; 1 Matthew Hale, *The History of the Pleas of the Crown* *532. By contrast, extortion traditionally meant taking someone else's property with the victim's consent but inducing that consent wrongfully. *See Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 403

7

(2003); *United States v. Harris*, 916 F.3d 948, 954–55 (11th Cir. 2019). That explains why the first clause requires "tak[ing], or attempt[ing] to take" something, while the second clause requires only "obtain[ing], or attempt[ing] to obtain" it. §2113(a).

Now turn back to the crime that Vines was charged with. A conviction for attempted armed bank robbery under §2113(d) requires proof of *both* (1) the elements of attempted bank robbery under §2113(a)'s paragraph one, clause one, *and* (2) the elements of attempted *armed* bank robbery under §2113(d). If either provision requires force or threatened force, then Vines's conviction was for a crime of violence and satisfies §924(c). *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018); *Jordan*, 96 F.4th at 594. As we will explain, both are crimes of violence.

That is where we part ways with the dissent. Although our dissenting colleague would find that §2113(a) controls the definition of *completed* armed bank robbery, the dissent would bypass §2113(a) when defining attempts. The dissent would instead find that there is a separate standalone crime of attempted armed bank robbery under §2113(d) where the meaning of attempt is given content by the common law, rather than §2113(a). But the dissent does not explain why we would apply §2113(a) only in part (that is, only to completed crimes) when analyzing crimes set forth in §2113(d). There is no such thing as a freestanding conviction for attempted bank robbery under §2113(d); it must also satisfy the elements of §2113(a) that we already have held are "incorporate[d]" into it. *Id.* at 591. If a conviction under §2113(d) must incorporate elements that make it a crime of violence, it defies common sense not to call it one.

8

### III. ATTEMPTED ARMED BANK ROBBERY IS A CRIME OF VIOLENCE

#### A. Attempted bank robbery under § 2113(a) is a crime of violence

1. *Attempted bank robbery requires force, violence, or intimidation*. Like almost all our sister circuits, we have held that completed bank robbery under § 2113(a) is a crime of violence. *Wilson*, 880 F.3d at 88. *But see Burwell*, 122 F.4th at 987. But we have never addressed whether *attempted* bank robbery is, and our sister circuits are divided. *Compare Collier v. United States*, 989 F.3d 212, 221 (2d Cir. 2021) (holding that attempted bank robbery requires force or intimidation), *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004) (same), *and United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008) (same), *with United States v. McFadden*, 739 F.2d 149, 151–52 (4th Cir. 1984) (holding that attempted bank robbery does not require force or intimidation), *United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005) (same), *and United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990) (same).

This disagreement stems from a seeming ambiguity in § 2113(a). Recall that the first clause of the first paragraph applies to:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another [property of a bank].

18 U.S.C. § 2113(a).

All courts agree that the verb "takes" is qualified by the adverbial phrase "by force and violence, or by intimidation"

9

that comes right before it. The supposed ambiguity is whether that same adverbial phrase also modifies "attempts to take." If it does, then the attempt must be carried out "by force and violence, or by intimidation." We hold that this adverbial phrase does modify both verbs. So even for an attempt, the government must prove force, violence, or intimidation.

On close inspection, the ambiguity evaporates. We start and end with the text, proceeding left to right. Section 2113(a) kicks off with a subject immediately followed by an adverbial phrase:

**§ 2113(a) (Bank Robbery)**



*Subject*  *Adverbial phrase*

The adverbial phrase comprises two parts. First comes "by force and violence," followed with "or by intimidation." The latter is offset by commas. It is not the most elegant wordsmithing, to be sure, but it gets the point across: Whatever follows will be modified by the adverbial phrase. Sure enough, right after the second comma comes the first item of a short list: a main verb ("takes"). The preceding adverbial phrase qualifies how the actor must do that taking: "by force or violence, or by intimidation." So far, so good.

**§ 2113(a) (Bank Robbery)**



Right after the first verb, "takes," comes another comma introducing the second verb in the list: the phrase "or attempts to take." The adverbial phrase modifies both verbs. When a qualifier precedes a list, we read it most naturally as traveling all the way down the list unless some punctuation, grammar, or syntax signals otherwise. *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009). This inference is especially strong where, as here, the items have a "parallel construction." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147–48 (2012) (collecting examples).

**§ 2113(a) (Bank Robbery)**



This reading fits with the structure of the rest of the sentence. Right after the two verbs comes the prepositional phrase "from the person or presence of another." The sentence is a sandwich. The two main verbs sit between two modifying phrases that operate on both. First, the adverbial phrase *before* the verbs clarifies that either a taking or an attempt must be done by force, violence, or intimidation. Then, the prepositional phrase *after* the verbs clarifies that a taking or attempt

11

must involve taking from someone else, as our Court has already hinted. *See Wilson*, 880 F.3d at 84–85. The most natural reading of the sentence is that both phrases modify both verbs, as shown below.



Any other reading of the sentence would mangle it. To read the *preceding* adverbial phrase to apply only to a successful taking, but the *following* prepositional phrase to apply to both, would require the asymmetric contortion below that Vines's reading implies.



Thus, any conduct that violates the robbery clause of § 2113(a), whether by attempt or not, is a crime of violence under § 924(c)(3)(A).

2. *Vines's counterarguments fall flat.* Resisting our common-sense reading, Vines offers two responses. Neither works.

12

First, Vines invokes the Supreme Court's ruling in *United States v. Taylor*, 596 U.S. 845 (2022). But that case is inapt. True, *Taylor* held that attempted Hobbs Act robbery is not a crime of violence. *Id.* at 851. But that was because the verb "attempt" works differently in the Hobbs Act. That Act applies to:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do ….

18 U.S.C. § 1951(a).

In § 2113(a) both sets of verbs are the sandwich's filling. By contrast, in the Hobbs Act, the main verbs are the bread. Between those slices of bread is the adverbial phrase that introduces a force element: "by robbery." That phrase most naturally applies only to what precedes it, not to what precedes *and* follows it: "[A] limiting clause or phrase … should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Jama v. ICE*, 543 U.S. 335, 343 (2005) (ellipsis in original) (internal quotation marks omitted). This makes sense because the crime is one unit with two parts: (1) obstructing, delaying, or affecting commerce (2) by robbery.

**18 U.S.C. § 1951(a) (Hobbs Act robbery)**



| Whoever | in any way obstructs, delays or affects commerce… | ← | by robbery… or | **attempts** or conspires so to do |
|---|---|---|---|---|
| *Subject* | *Main verbs, modified by adverbial phrase* | | *Adverbial phrase modifying main verbs* | *Clause containing verbs not modified by the adverbial phrase* |

The "so to do" in the "attempts" clause refers to the underlying crime: obstructing, delaying, or affecting commerce *by robbery*. The verb "attempt" is unmodified. With no statutory language requiring the attempt to be made by force, *Taylor* applied the Model Penal Code and common law definitions of attempt, which do not require force. *See* 596 U.S. at 851–52; *McFadden*, 739 F.2d at 152. Thus, there is no force or violence element in attempted Hobbs Act robbery: It just requires showing that "[t]he defendant intended to unlawfully take personal property by means of actual or threatened force" and completed a substantial step toward doing so. *Taylor*, 596 U.S. at 851. By contrast, §2113(a) is more specific: The adverbial phrase requiring force, violence, or intimidation limits the verb "attempt." Not every attempt counts—only those done by force, violence, or intimidation do. Because the Hobbs Act is built differently from §2113(a), we read it differently. So *Taylor* does not apply, and we do not import the common law of attempt into §2113(a).

Vines's second rejoinder is just as unpersuasive. He insists that the Third Circuit already read the common law of attempt into §2113(a) in *United States v. Garner*, 915 F.3d 167, 170 (3d Cir. 2019). We did not. To be sure, we recited §2113(a)'s elements as requiring only a substantial step toward committing bank robbery. *Id.* Yet that case did not ask, let alone turn on, whether §2113(a) was a crime of violence. And "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not considered as having been so decided as to constitute precedents." *Grant v. Shalala*, 989 F.2d 1332, 1341 (3d Cir. 1993) (Alito, J.) (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).

14

In short, one cannot be convicted under the robbery clause of §2113(a)'s first paragraph without committing a crime of violence. We could stop there, as both sides agree that Vines's conviction rested on that clause. But even if we were only to consider only §2113(d), he would fare no better.

## B. Attempted armed bank robbery under §2113(d) is also a crime of violence

Adding a dangerous weapon to attempted bank robbery does not make the crime less violent. Recall that §2113(d) is the *armed* bank robbery statute. It applies to:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device ….

18 U.S.C. §2113(d).

When paired with §2113(a)'s first paragraph, that is a crime of violence. Thanks to the categorical approach, though, this conclusion is not obvious. Although §2113(d) requires force, the wrinkle is that a defendant need jeopardize only "the life of *any* person." *Id.* (emphasis added). Yet a crime of violence requires using force "against the person or property *of another*." 18 U.S.C. §924(c)(3)(A) (emphasis added). Vines argues that an armed bank robber could jeopardize his own life, stopping the two statutes from lining up.

But that wrinkle has been ironed out by our precedent. First, *Wilson* held that bank robbery under §2113(a) "clearly does involve the threatened use of physical force against the person *of another*." 880 F.3d at 84–85 (internal quotation marks

15

omitted; emphasis added). Then *Jordan* relied on that holding. Because § 2113(a) requires force "against the person of another," we reasoned, a conviction for completed armed bank robbery under § 2113(d) based on § 2113(a) could only have involved force against someone else. 96 F.4th at 594. That logic applies equally to an attempt; in either case, § 2113(a)'s robbery clause requires force against someone else. Our dissenting colleague misses that point.

In short, § 2113(d) requires force or intimidation, and § 2113(a) clarifies that the defendant must have used the force or intimidation against someone else. Even if § 2113(a)'s first paragraph were not independently a crime of violence, together these provisions would add up to one.

\* \* \* \* \*

No matter how you slice it, attempted armed bank robbery under § 2113(d) predicated on § 2113(a)'s robbery clause is a crime of violence under § 924(c)(3)(A). Because the statute's language is unambiguous, we do not reach the rule of lenity.

## IV. VINES'S COUNSEL WAS EFFECTIVE

Finally, Vines claims that his lawyer was ineffective because he did not argue that attempted armed bank robbery is not a crime of violence at the plea hearing or sentencing. To claim ineffective assistance of counsel, Vines must show not only that his lawyer performed deficiently, but that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Yet any purported deficiency did not prejudice Vines. If his lawyer had objected, that objection would have failed because,

16

as we hold, his arguments would have been meritless. The only alleged prejudice is that Vines says he would not have pleaded guilty to the §924(c) charge. Although a higher prison sentence counts as prejudice, "the likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). When a defendant alleges that he pleaded guilty only because his counsel was ineffective, he must ordinarily show that he "likely would have succeeded at trial" in winning a better outcome. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). He has not shown that. He can only speculate that a properly instructed jury would have rejected either charge at trial. "Mere speculation" is not enough to show prejudice. *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011). We will not treat counsel's failure to raise a meritless argument as prejudicial. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) ("[I]f the issue is meritless, its omission will not constitute deficient performance." (internal quotation marks omitted)).

\* \* \* \* \*

Although the categorical approach often leads to unusual places, today we arrive at a recognizable stop. Attempted bank robbery under §2113(a)'s first paragraph is a crime of violence. And doing it while armed, under §2113(d), does not make it any less violent. Thus, we will affirm the District Court's order denying Vines's collateral attack.

ROTH, <u>Circuit Judge</u>, dissenting in part.


The majority focuses nearly all its analysis on a crime for which Ronald Vines was not convicted. And the crime for which he *was* convicted does not categorically require the actual, attempted, or threatened use of force against another. Thus, while I concur with much of the majority's reasoning, I respectfully dissent from its ultimate disposition.


**I.**


I agree with the majority that, under 18 U.S.C. § 2113(a), robbery and extortion constitute divisible offenses.[1] I further agree that, under § 2113(a), attempted robbery requires the actual use of force, violence, or intimidation. And, like the majority, I do not believe that *United States v. Garner* ties our hands (although I view this as a closer question than does the

---

[1] I see no sound basis for distinguishing § 2113(a) from 18 U.S.C. § 1951(a), whose robbery and extortion provisions, we have already established, are divisible. *See United States v. Robinson*, 844 F.3d 137, 149–50 (3d Cir. 2016) (Fuentes J., concurring) (concluding that § 1951(a)'s proscription of "affect[ing] commerce . . . by robbery or extortion" was divisible, and that its "robbery" clause constituted a crime of violence); *United States v. Walker*, 990 F.3d 316, 325–26 (3d Cir. 2021) (adopting the *Robinson* concurrence's reasoning as "thoroughly persuasive"), *cert. granted and vacated on other grounds*, 142 S. Ct. 2858 (2022); *United States v. Stoney*, 62 F.4th 108, 113–14 (3d Cir. 2023) (confirming that *Walker* remains good law as to completed robbery).

1

majority).[2]   Had Ronald Vines been convicted of generic

---

[2] The majority writes that *Garner* "did not ask, let alone turn on, whether § 2113(a) was a crime of violence."  That is technically true—but only technically.  James Garner was arrested long before he had the chance to use violence.  *See United States v. Garner*, 915 F.3d 167, 170 (3d Cir. 2019).  As such, our holding that sufficient evidence supported his conviction turned *entirely* on our expressed understanding that § 2113(a) could be violated without force—the very approach our Court now rejects.  Indeed, the government's briefing in *Garner* relied on the precise caselaw we now repudiate.  If *Garner* fails to bind us, it is instead because neither party contested the interpretation of § 2113, or informed us another interpretation was possible.  Whether that is enough to free our hands remains unfortunately murky.

On the one hand, the Supreme Court has long held that it is not bound by its prior resolution of antecedent legal issues where that resolution received little or no analysis.  *See, e.g.*, *Brecht v. Abrahamson*, 507 U.S. 619, 630–31 (1993); *Cross v. Burke*, 146 U.S. 82, 87 (1892); *United States v. More*, 3 Cranch 159, 172 (1805).  And while our fealty to prior panels is more inexorable, at least some version of that rule applies at our level as well.  *See Grant v. Shalala*, 989 F.2d 1332, 1341 (3d Cir. 1993).  On the other hand, our sister-circuits have widely agreed that, if *stare decisis* is to have any force, there cannot be an "overlooked reason or argument exception to the prior-panel-precedent rule."  *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015); *see also, e.g.*, *Brumbach v. United States*, 929 F.3d 791, 795 (6th Cir. 2019); *Silva v. Garland*, 993 F.2d 705, 717 (9th Cir. 2021); *Cohen v. Office Depot*, 204 F.3d 1069, 1076 (11th Cir. 2000); *Phonometrics, Inc. v. Choice Hotels Intern., Inc.*, 21 Fed.App'x. 910, 912 (Fed. Cir. 2001).  Where the line

attempted robbery under § 2113(a), I would concur with the majority that he was guilty of a crime of violence under 18 U.S.C. 924(c).  But Ronald Vines was convicted under 18 U.S.C. § 2113(**d**).  And for all the persuasiveness of the majority's textual analysis, *none of it* focuses on the provision that is actually in front of us.

That matters.  Unlike its counterpart, § 2113(d)'s attempt provision does not contain any language even arguably suggesting the defendant must commit the underlying attempt forcibly.  Instead, it merely requires an offender to "attempt[] to commit, any offense defined in subsections (a) and (b)."[3]

In grafting § 2113(a)'s forcible attempt standard onto §

_____

falls between an unanalyzed issue and an overlooked argument will often (I suspect usually) be unclear.  And, given the profound implications for our judicial system, further *en banc* guidance in this area is sorely needed.  But, pending such guidance, I am persuaded that *Garner*'s cursory and under-briefed discussion of § 2113(a) (which had no bearing on the issues which prompted us to label that decision precedential) falls within the *Grant* exception.  I caution, however, that whatever latitude this Court affords itself in departing from I.O.P. 9.1 (which, at bottom, is a doctrine of court administration) should not be read reflexively to authorize the same latitude for district courts (whose constitutional duty to obey our rulings does not hinge on their confidence in our issue-spotting).  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 43 n.10 (2025).

[3] 18 U.S.C. § 2113(d).  That Congress may have wished to permit conviction under § 2113(d) for attempts that did not progress far enough to violate § 2113(a) is unsurprising, given the increased risk to the public posed by § 2113(d) violations.

3

2113(d), the majority implicitly rewrites the text of § 2113(d) so that, rather than read "whoever, in committing or attempting to commit, any offense," it reads "whoever, in committing any offense or in committing **the attempt provision** of any offense." That contortion, which has no basis in the statute, is no less textually questionable than the inside-out sandwiches the majority decries.

The majority's approach is also demonstratively untenable in the context of § 2113(d).[4] By its express terms, an attempted violation of § 2113(d) can be predicated on violating either § 2113(a) (bank robbery) *or* § 2113(b) (bank larceny), and at least one of our sister circuits has upheld § 2113(d) charges based solely on an attempted violation of § 2113(b).[5] This is true even though § 2113(b) does not contain an attempt provision, and it is well-recognized that a defendant cannot be prosecuted for attempting to violate § 2113(b) alone.[6] Yet the single instance of the word "attempting" in § 2113(d) can obviously only have one meaning.[7] It follows

---

[4] *United States v. Loniello*, 610 F.3d 488, 496 (7th Cir. 2010) (noting that each subsection of § 2113 constitutes a separate, independent offense).

[5] *See United States v. Willis*, 102 F.3d 1078, 1082 (10th Cir. 1996). *See generally Reno v. Bossier Parish School Bd.*, 528 U.S. 320 (2000) ("[W]e refuse to adopt a construction that would attribute different meanings to the same phrase in the same sentence

[6] *See generally United States v. Hopkins*, 703 F.2d, 1102, 1104 (9th Cir. 1983) (noting that § 2113(b) does not criminalize attempt); *Willis*, 102 F.3d at 1082 (noting that § 2113(b) cannot support a freestanding attempt conviction).

[7] *See Reno v. Bossier Parish School Bd.*, 528 U.S. 320, 329 (2000) ("[W]e refuse to adopt a construction that would

4

that—regardless of which predicate offense it is based on—§ 2113(d) creates a substantive attempt crime, rather than simply incorporating some other attempt provision by reference.[8]

Without interpolating § 2113(a)'s forcible attempt requirement, there is nothing to distinguish § 2113(d) from any other generic attempt crime—which requires only "an act amounting to a 'substantial step' toward the commission of that crime" (in this case, completed bank robbery under § 2113(a)).[9] And because *Taylor* makes clear that merely taking a substantial step towards committing a robbery (even a robbery in which force is planned) does not constitute using, attempting to use, or threatening to use force, it follows that the "attempt" language in § 2113(d) does not render that statute a crime of violence under § 924(c).[10]

## II.

That is, of course, not the end of the story, because § 2113(d) also requires a defendant to "assault[] any person, or

---

attribute different meanings to the same phrase in the same sentence, depending on which object it is modifying.")

[8] The government did not dispute at oral argument that (in keeping with the plain reading of his indictment) Vines' conviction was predicated on the "attempt" prong of § 2113(d). I therefore need not address whether the government could theoretically charge a defendant with armed attempted bank robbery, basing itself entirely on the *completed* prong of § 2113(d) but using the *attempt* prong of § 2113(a) as the predicate offense.

[9] *Garner*, 915 F.3d at 170 (quoting *United States v. Hsu*, 155 F.3d 189, 202 (3d Cir. 1998)).

[10] *See United States v. Taylor*, 596 U.S. 845, 860 (2022).

5

put[] in jeopardy the life of any person by the use of a dangerous weapon or device."[11] It is tempting to read this provision as an alternative ground for deeming § 2113(d) a crime of violence, regardless of its relationship to § 2113(a). But, like most temptations, this one leads astray. While § 2113(d)'s aggravating factors certainly entail the "use, threatened use, or attempted use of force," they do not require that force to be exerted against a third party, do not require that force to be knowing, and, accordingly, do not provide an independent basis for deeming § 2113(d) a crime of violence.

**A.**

As the majority acknowledges, a crime whose force element could theoretically be self-directed is not a crime of violence for the purpose of § 924.[12] Yet, as the majority recognizes, § 2113(d) can be facially violated by a defendant who "assaults *any person*, or puts in jeopardy the life of *any person*."[13] And while it is questionable if someone can assault himself, it is certainly possible for a defendant to put his own life in jeopardy while trying to rob a bank. Consider a robber who holds a gun to his own head and threatens self-harm unless a teller (or potential co-conspirator) cooperates, or one who starts driving to the robbery site with a loaded weapon he does not subjectively intend to use.[14] Or consider a robber who

---

[11] 18 U.S.C. § 2113(d).

[12] *See United States v. Davis*, 53 F.4th 168, 171 (4th Cir. 2022); *see also Torres v. Lynch*, 578 U.S. 452, 465–66 (2016) (interpreting a nearly identical crime-of-violence provision).

[13] 18 U.S.C. § 2113(d) (emphasis added).

[14] *See Portee v. United States*, 941 F.3d 263, 271–73 (7th Cir. 2019) (collecting examples of defendants prosecuted for violent offenses based on a self-endangerment theory).

6

arrives at a bank with an unloaded weapon, placing his own life in serious jeopardy from responding police.[15]

Recognizing that the plain text of § 2113(d) would allow for conviction under these scenarios, the majority seeks refuge under our holding in *Jordan*. But it misapplies that precedent. In *Jordan*, we noted that to commit *completed* bank robbery under § 2113(a) a defendant must use force against "another."[16] We further noted that aggravated bank robbery under § 2113(d) requires a defendant to **both** (1) commit completed generic robbery under § 2113(a) **and** (2) satisfy an aggravating factor.[17] We therefore held that, regardless of whether § 2113(d)'s aggravating factor required force, the crime as a whole was a crime of violence. But in committing completed robbery under subsection (a) the defendant had

---

[15] *See McLaughlin v. United States*, 476 U.S. 16, 17–18 (1986) (holding that the use of an unloaded firearm can justify conviction under § 2113(d) because of the "immediate danger that a violent response will ensue"); *United States v. Dixon*, 982 F.2d 116, 123 (3d Cir. 1992) (noting that the "increased chance of an armed response creates a greater risk to the physical security of victims, bystanders, and even the perpetrators[.]" (internal quotation omitted)); *see also United States v. Benson*, 918 F.2d 1, 4 (1st Cir. 1990) (affirming § 2113(d) conviction where defendant's mock gun "put in jeopardy the lives of the teller and other persons at the robbery scene, even including appellant"); *United States v. Martinez-Jimenez*, 864 F.2d 664, 666–67 (9th Cir. 1989) (holding that the use of a toy gun "creates a greater risk to the physical security of victims, bystanders, and even the perpetrators").
[16] 96 F.4th at 593–94 (quoting *United States v. Wilson*, 880 F.3d 80, 84–85 (3d Cir. 2018)).
[17] *Id.*

already done everything he needed to do to satisfy § 924(c). Such a completed bank robbery has no bearing on Ronald Vines' conviction under the *attempt* prong of § 2113(d).

Unlike completed robbery, the minimum conduct needed to satisfy the *attempted* robbery prong of § 2113(d), for which Vines was convicted, is (1) *attempting* to violate § 2113(a) and (2) satisfying an aggravating factor. As discussed above, the first element does not qualify as using, threatening to use, or attempting to use force at all.[18] We know that from *Taylor*. And because the aggravating factor itself does not require the use of force against another, it follows that neither prong of *attempted* robbery under § 2113(d) necessarily satisfies § 924(c).

**B.**

It is well-settled that, to qualify as a crime of violence under 924(c), an offense must involve the purposeful or knowing (not just reckless) use of force.[19] In addition to not necessarily involving the use of force against *another*, the second prong of § 2113(d) further fails to meet § 924(c)'s force

---

[18] While I reach this conclusion because the attempt prong in § 2113(d) does not incorporate by reference the "by force and violence, or by intimidation" clause in § 2113(a), I note that the same would hold if the attempt prong of § 2113(a) were itself not a crime of violence—as the majority assumes *arguendo* in its discussion of § 2113(d).

[19] *See Borden v. United States*, 593 U.S. 420, 445 (2021); *see also Delligatti v. United States*, 145 S.Ct. 797, 808 n.5 (2025); *Tran v. Gonzales*, 414 F.3d 464, 470–72 (3d Cir. 2005) (holding that conspiracy to commit reckless burning was not a crime of violence because it could be violated recklessly).

8

requirement because it does not require the knowing use of force.

Section 2113(d)'s reference to "us[ing] a dangerous weapon or device" to put "in jeopardy the life of any person" does not on its face contain any requirement that the defendant *knowingly* place some life in danger—and courts have long interpreted such language as subsuming reckless conduct as well.[20]  Further, it is not hard to think of plausible examples

---

[20] *See Voisine v. United States*, 579 U.S. 686, 692–93 (2016) (holding that the phrase "use or attempted use of physical force" without further qualification criminalizes even reckless conduct); *United States v. Mills*, 1 F.3d 414, 420–21 (6th Cir. 1993), *abrogated in part on other grounds by Montejo v. Louisiana*, 556 U.S. 778, 797 (2009) (affirming conviction under an identically worded statute based purely on reckless conduct).  It is true that the Court of Appeals for the Ninth Circuit appears to have held that § 2113(d) requires the knowing use of force.  *See United States v. Buck*, 23 F.4th 919, 929 (9th Cir. 2022) (asserting without analysis that "§ 2113(d) requires that the robber knowingly made one or more victims at the scene of the robbery aware that he had a gun" (cleaned up)).  But *Buck* based this assertion on *United States v. Henry*, 984 F.3d 1343, 1358 (9th Cir. 2021), which in turn cited *United States v. McDuffy*, 890 F.3d 796, 799 (9th Cir. 2018), which in turn relied on *United States v. Odom*, 329 F.3d 1032, 1035 (9th Cir. 2003), which based itself on the Supreme Court's conclusion in *Bailey v. United States* that "using" a firearm under a parallel statute required "active employment."  516 U.S. 137, 143 (1995).  The Supreme Court has since clarified that, as used in *Bailey*, this phrase included reckless (as well as knowing) conduct.  *Voisine*, 579 U.S. at 695–96.

9

where an attempted armed bank robber could place others' lives at risk recklessly, such as by accidentally discharging a firearm,[21] or crashing a car while speeding to the robbery site.[22] All such scenarios would be covered by § 2113(d), but they would lack the requisite *mens rea* for a crime of violence.[23] And because *any* mismatch is enough to render a crime non-violent, it follows that § 2113(d) is categorically not a crime of violence under § 924(c).

***

---

[21] *See Dean v. U.S.*, 556 U.S. 558, 576 (2009) (noting that an "individual who brings a loaded weapon to commit a crime runs the risk that the gun will discharge accidentally"); *United States v. Jackson*, 534 Fed.App'x. 917, 920 (11th Cir. 2013) (noting that "an accidental discharge of a firearm is a reasonably foreseeable result of bringing a gun to an attempted bank robbery").

[22] *See Mills*, 1 F.3d at 420–21 (treating a speeding car as a "dangerous device").  That the defendant may have intended to commit the § 2113(a) predicate offense is irrelevant.  *Borden* does not just require that a defendant commit *some* knowing crime and, simultaneously, commit a crime involving force—it requires the force itself (or threatened or attempted force) be used knowingly. *See* 593 U.S. at 432 (holding that a defendant who "has not used force 'against' another person in the targeted way that clause requires" has not committed a crime of violence).

[23] In *Jordan*, we noted that a completed violation of § 2113(a) requires the knowing use of force, and therefore concluded that a completed violation of § 2113(d) does as well.  96 F.4th at 594.  As already discussed, *supra* n.18, that syllogism has no relevance when it comes to *attempted* violations of § 2113(d).

10

The categorical approach has as many critics as there are judges. The conclusions it yields are often counterintuitive, counter-logical, and contrary to what Congress likely intended. But it is the law, and fairly applying it compels the conclusion that 18 U.S.C. § 2113(d) is not a crime of violence. Because the majority concludes otherwise, I respectfully dissent.