**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6872**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MONTE EMMANUEL STRAITE,

        Defendant – Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:11-cr-00321-LCB-1)

---

Argued:  January 27, 2026                               Decided:  May 18, 2026

---

Before GREGORY, RICHARDSON, and RUSHING, Circuit Judges.

---

Affirmed by published opinion.  Judge Gregory wrote the opinion, in which Judge Richardson and Judge Rushing joined.

---

**ARGUED:**  Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Julie Carol Niemeier, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:**  Clifton T. Barrett, United States Attorney, Joanna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

GREGORY, Circuit Judge:

This case is about whether attempted armed bank robbery under 18 U.S.C. § 2113(d) is categorically a crime of violence under 18 U.S.C. § 924(c)(3). Because Section 2113(d) requires that a defendant, during the course of attempted bank robbery, "assault[] any person, or put[] in jeopardy the life of any person by the use of a dangerous weapon or device," we hold in the affirmative.

## I.

Defendant Monte Straite and others robbed a Bank of America branch in Davie County, North Carolina in 2009. The crew brandished firearms and assaulted employees as they completed the robbery. A few months later, Straite and others returned to rob the same bank, again carrying firearms. This time, the bank manager saw and recognized them, locked the building, and stopped the robbery.

Straite was later convicted by a jury of armed bank robbery and attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He was also convicted of brandishing firearms during and in relation to both offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Straite appealed. On June 23, 2014, this Court affirmed the conviction and sentence. *United States v. Straite*, 576 F. App'x 211. The district court then denied several post-conviction motions, which Straite appealed. This Court issued a certificate of appealability on the sole issue of whether Straite's attempted armed bank robbery conviction qualified as a "crime of violence" to support his related Section 924(c) conviction.

## II.

We review *de novo* the legal question of whether an offense categorically qualifies as a crime of violence under 18 U.S.C. § 924(c)(3). *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019).

## III.

"For purposes of § 924(c), a federal felony qualifies as a 'crime of violence' if it meets" the definition "found in § 924(c)(3)(A), a provision sometimes called the elements clause." *United States v. Taylor*, 596 U.S. 845, 848 (2022). In other words, an offense is a "crime of violence" if it has as an element "the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* (quoting § 924(c)(3)(A)). Thus, the central question we must resolve is whether attempted armed bank robbery has as an element "the use, attempted use, or threatened use of physical force," or whether it is an inchoate offense that can be proven by intent plus a substantial step alone.

The statute at issue, 18 U.S.C. § 2113 ("Section 2113"), addresses both actual bank robbery and attempted bank robbery. Subsection a ("Section 2113(a)") generally criminalizes actual and attempted bank robbery. And subsection d ("Section 2113(d)") provides enhanced penalties for actual and attempted *armed* bank robbery. Section 2113(a) is the lesser-included offense of Section 2113(d). Thus, if attempted bank robbery under Section 2113(a) is categorically a crime of violence, then so is attempted armed bank robbery under Section 2113(d). *See United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (holding that bank robbery under Section 2113(a), and therefore armed bank robbery

3

under Section 2113(d), qualifies as a crime of violence). We thus begin the analysis with Section 2113(a).

## A.

In *McFadden*, this Court examined Section 2113(a) and held that the elements of an attempted Section 2113(a) (non-armed) bank robbery are (1) an intent to commit bank robbery and (2) conduct which constitutes a substantial step toward the crime. *United States v. McFadden*, 739 F.2d 149, 152 (4th Cir. 1984). *McFadden* then reasoned that neither of these elements required the use of force. *Id*. (concluding that convictions for attempted bank robbery under Section 2113(a) may stand without accompanying force, violence, or intimidation). *McFadden* thus compels the conclusion that Section 2113(a) attempted bank robbery does not require the "use, attempted use, or threat to use" force needed to meet Section 924(c)(3)'s elements definition.

That said, *McFadden*'s interpretation of Section 2113(a) appears to be in tension with the statutory text. Indeed, *McFadden* interpreted Section 2113(a) without examining the statutory text and instead relied on the Model Penal Code's guidance on attempt crimes. *See id*. at 151–52. A proper analysis of the text may compel a different interpretation.

The text of Section 2113(a) reads:

> ***Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another***, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such

4

bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (emphasis added). Because the phrase "by force and violence, or by intimidation" is indisputably equivalent to "the use, attempted use, or threatened use of physical force" of the elements test, a full examination of this text would require us to determine whether this adverbial phrase modifies "attempts" to commit bank robbery. If so, then 18 U.S.C. § 2113(a) would require attempted bank robbery to be made by "force and violence, or by intimidation" before a conviction can be made under its terms.

Here, the grammatical structure of the opening clause would be crucial in interpreting the statutory text. The placement of the commas is naturally read to mean that to prove both *actual* bank robbery and *attempted* bank robbery, the Government must show "force and violence, or . . . intimidation." In other words, the adverbial phrase "by force and violence, or by intimidation" modifies both the verbs "takes" and "attempts to take." If Congress had not intended the adverbial phrase to modify both "takes" and "attempts to take," the clause ought instead to have read, "Whoever takes by force and violence, or by intimidation, or attempts to take . . . ."

The comparable text for Hobbs Act robbery (18 U.S.C. § 1951) is instructive. The Hobbs Act text very clearly distinguishes between actual robbery and attempt. The statute reads as follows: "Whoever in any way obstructs, delays, or affects commerce . . . by robbery . . . or attempts or conspires to do so, or commits or threatens physical violence to

5

any person or property . . . ."  18 U.S.C. § 1951(a).  In this text, the clause on attempt is independent of modification and, therefore, an attempted Hobbs Act robbery does not necessarily require the use, attempt to use, or threat to use force.  *See Taylor*, 596 U.S. at 848.

These textual arguments have persuaded many sister circuits.  The Third Circuit, in *United States v. Vines*, 134 F.4th 730 (3d Cir. 2025), gives a reasonable explanation: "When a qualifier precedes a list, we read it most naturally as travelling all the way down the list unless some punctuation, grammar, or syntax signals otherwise.  This inference is especially strong where, as here, the items have a 'parallel construction.'"  *Id.* at 735–36 (internal citations omitted).  Other circuits also agree.  *United States v. Armstrong*, 122 F.4th 1278 (11th Cir. 2024); *United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008); *United States v. Bellew*, 369 F.3d 450, 453–56 (5th Cir. 2004); *United States v. Brown*, 412 F.2d 381, 384 n.4 (8th Cir. 1969).  Yet this panel remains bound by our earlier decision in *McFadden*.  *See Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021) (A panel of judges "*cannot* overrule a decision issued by another panel.") (quoting *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc)).

**B.**

Nonetheless, we need not overturn *McFadden* today to resolve this case.  That is because the language of Section 2113(d) alone is sufficient to make it a categorical crime of violence.  That language states:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy

6

the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d).  The plain language of this is quite clear:  When a defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" during the commission or attempted commission of a crime, he has committed an offense under this subsection.  Because committing and attempting to commit the offense both require either assault or putting in jeopardy, Section 2113(d), and because the assault and the putting in jeopardy both require use of a dangerous weapon or device, *Simpson v. United States*, 435 U.S. 6, 11 n.6 (1978), this offense categorically requires the use, attempted use, or threatened use of physical force. *Cf. United States v. Bryant*, 949 F.3d 168, 180 (4th Cir. 2020) ("[W]e join those circuits that have held that § 2114(a)'s requirement that the defendant use a dangerous weapon to put the victim's life in jeopardy ensures that at least the threat of physical force is present." (internal quotation marks omitted)).  Accordingly, convictions under Section 2113(d) meet the elements test and are crimes of violence.

Defendant argues that attempted armed bank robbery under Section 2113(d) applies too broadly to the life of "any person" to be a categorical crime of violence.  The elements clause indeed requires that the "use, attempted use, or threatened use" of force be used against "the person or property of *another*."  18 U.S.C. § 924(c)(3) (emphasis added).  So does Section 2113(a). *See supra* at 4.  But Section 2113(d) also permits convictions for attempted armed bank robbery for "[w]hoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults *any person*, or puts in jeopardy the life of *any person* by the use of a dangerous weapon or device[.]" (emphasis

7

added).  In other words, Section 2113(d) requires only that force be used against "any person."  Defendant argues that a person could be convicted of attempted armed robbery under Section 2113(d) if they simply put their own lives in jeopardy—for example, by threatening to shoot themselves if they are not given money, or by showing up with an unloaded weapon and thereby jeopardizing their own lives in front of armed police officers.

This argument is ultimately unpersuasive.  That is because under a classic understanding of "assault," one cannot assault himself.  *See United States v. Passaro*, 577 F.3d 207, 217–18 (4th Cir. 2009) ("[C]ourts have uniformly recognized that various federal statutes criminalizing "assault" incorporate the long-established common law definition of that term."); *see also Assault*, Black's Law Dictionary (12th ed. 2024) ("The threat or use of force *on another* that causes that person to have a reasonable apprehension of imminent harmful or offensive contact; the act of putting *another person* in reasonable fear or apprehension of an immediate battery by means of an act amounting to an attempt or threat to commit a battery." (emphasis added)).  Because there is a "presumption of consistent usage" in statutes, we reject Defendant's argument because it ignores the context of "any person" within Section 2113(d), which indicates that the term excludes the defendant himself. *See Healthkeepers, Inc. v. Richmond Ambulance Auth.*, 642 F.3d 466, 472 (4th Cir. 2011).

Finally, Defendant argues that attempted armed bank robbery has no specific *mens rea* requirement, and crimes of violence must have a *mens rea* of purposeful or knowing. Appellant's Brief at 30–31 (citing *Borden v. United States*, 593 U.S. 420, 423 (2021) for the statement that violent felonies require purposefulness or knowledge).  Defendant gives the example of a would-be robber who, in taking a substantial step towards armed bank robbery,

8

drives recklessly and loses control of the vehicle and crashes, injuring himself.  In this case, the car would be considered a weapon.  Defendant argues that in such a case, the robber would be convicted of attempted armed bank robbery, but lacks the *mens rea* required for a crime of violence.

Defendant, however, is mistaken that attempted armed bank robbery under Section 2113(d) has no *mens rea* requirement.  This Court has held in *Garcia v. Gonzales* that where use of force is an element, the reckless application of force does not qualify as "use." 455 F.3d 465, 468–69 (4th Cir. 2006).  Only intentional application does.  *See id.*  We adopted this same approach when interpreting Section 2113(a).  *United States v. McNeal*, 818 F.3d 141, 152, 155 (4th Cir. 2016).  Here, convictions for attempted armed bank robbery made under Section 2113(d) plainly require that a defendant "assault[] any person, or put[] in jeopardy the life of any *person by the use of a dangerous weapon or device*" (emphasis added).  The same *McNeal* and *Garcia* logic extends to this language—that only intentional, and not reckless, application of force qualifies as "use."  *McNeal*, 818 F.3d at 155 (citing *Garcia*, 455 F.3d at 468–69)).  So attempted armed bank robbery under Section 2113(d) requires intent.  Under *Borden*, such a *mens rea* is no barrier to finding that the offense is a crime of violence.  *Borden*, 593 U.S. at 423.

## IV.

Accordingly, we hold that attempted armed bank robbery convictions under Section 2113(d) satisfy the elements test.  When a defendant has been properly convicted of

9

attempted armed bank robbery under Section 2113(d), he has committed a crime of violence under Section 924(c)(3). The district court's decision is affirmed.

*AFFIRMED*