**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-1603

———————

UNITED STATES OF AMERICA

v.

YASHEAM WASHINGTON, a/k/a Yasheem Washington,
                                                    Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00291-001)
District Judge: Honorable Harvey Bartle, III

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
June 7, 2024

Before: HARDIMAN, PORTER and AMBRO, <u>Circuit Judges</u>

(Opinion filed: June 10, 2024)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

Yasheam Washington appeals the District Court's judgment sentencing him to 96 months' imprisonment. His counsel moves to withdraw, asserting in his *Anders* brief that he identified no non-frivolous issues for appellate review. We agree and thus grant the motion and affirm.

## I. Background

This is Washington's second appeal to our Court. In 2019, he was found guilty of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to 120 months' imprisonment (the statutory maximum), three years of supervised release, and a special assessment of $100. His Guidelines sentencing range of 140-175 months was based in part on the District Court's finding that Washington had two prior convictions for a "crime of violence": second-degree aggravated assault and second-degree robbery. *See* 18 Pa. Cons. Stat. §§ 2702(a), 3701(a)(1)(iv); U.S.S.G. § 2K2.1(a)(2).[1] Washington appealed his conviction and sentence, arguing that, under *Borden v. United States*, 593 U.S. 420 (2021), his robbery conviction was not a crime of violence for purposes of calculating his sentencing range. We agreed and remanded for resentencing, though we rejected all other challenges he raised. *See United States v. Washington*, No. 21-2740, 2023 WL 128928 (3d Cir. Jan. 9, 2023).

One issue at resentencing was whether Washington's other prior conviction for aggravated assault qualified as a crime of violence. That question was pending before us

---

[1] The record does not indicate under which subsection of Pennsylvania's aggravated assault statute Washington was convicted.

at the time, and the District Court, "read[ing] the tea leaves," sided with Washington and ruled that it did not. App. 129; *see United States v. Jenkins*, 68 F.4th 148, 150 (3d Cir. 2023). It thus calculated a total offense level of 18 (as opposed to 24 if aggravated assault were a crime of violence), resulting in a Guidelines range of 57-71 months of imprisonment (rather than 100-125 months) given Washington's criminal history category of VI. The Government sought an upward variance to the statutory maximum, citing his significant criminal history, defiance of court orders, and belligerent behavior during trial, among others. Washington requested a sentence below the Guidelines range, emphasizing his challenging childhood and positive response to new medication.

The District Court varied upward and imposed a custodial 96-month term—two years shorter than his initial sentence—three years of supervised release, and a $100 special assessment. In discussing the various sentencing factors outlined in 18 U.S.C. § 3553(a), it first stressed the seriousness of Washington's firearms offense, noting Philadelphia "is awash in guns, in firearms and in violence[,] and the Court must take action to try to deal with that very, very difficult and complex problem." App. 130. The Court also stressed the "very serious criminal history" of Washington and the need to "promote respect for the law" and deter him and other convicted felons from possessing firearms. App. 130-31. It then acknowledged Washington's "horrific" upbringing and commended him for his self-improvement but noted he still "[was] responsible for [his] actions" and had only himself to blame. *Id.* Under those circumstances, the Court concluded a 96-month custodial sentence was sufficient but not greater than necessary. Neither party objected.

3

Washington filed a *pro se* notice of appeal. His counsel moved to withdraw his representation under Local Appellate Rule 109.2(a) and *Anders v. California*, 386 U.S. 738 (1967), and filed a supporting brief. Washington responded with his own *pro se* brief.

## II. Discussion[2]

Having received an *Anders* motion, our role restricts to determining (1) whether counsel's brief adequately fulfills the requirements of Rule 109.2(a), and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). "Where the *Anders* brief initially appears adequate on its face," as is the case here, we will rely on it to guide our review of the record. *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001) (citation omitted). Counsel's brief observes that Washington's sentence is within statutory limits, *see* 18 U.S.C. §§ 924(a)(8), 3583(b)(2), 3013(a)(2)(A), and identifies as potentially appealable only the reasonableness of Washington's sentence (correctly so, as we have already affirmed his conviction). But, as counsel and the Government agree, that issue is meritless.

We assess the sentence's reasonableness under the familiar abuse-of-discretion standard and proceed in two stages. *United States v. Tomko*, 562 F.3d 558, 564, 567 (3d Cir. 2009) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). We begin by ensuring the District Court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly

---

[2] We have jurisdiction over Washington's appeal under 28 U.S.C. §§ 1291 and 3742(a).

4

erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 567 (quoting *Gall*, 552 U.S. at 51). If we are satisfied at step one, we then review the sentence for substantive reasonableness, where we "focus [not] on one or two factors, but on the totality of the circumstances." *Id.* (citations omitted). Relevant here, "[t]he reasonableness of a sentence depends not on the [D]istrict [C]ourt's adherence to the range recommended by the Guidelines[.]" *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

We conclude that the Court's sentence is both procedurally and substantively reasonable. It correctly calculated the Guidelines range and—after hearing argument from both parties and allowing Washington to speak—carefully examined the relevant 18 U.S.C. § 3553(a) factors and explained its reasons for imposing a sentence above the recommended range. The Court thus committed no procedural errors, and any appeal on that basis would be frivolous. We also see no meritorious challenge to the substantive reasonableness of the sentence. Under the totality of the circumstances, we cannot conclude that "no reasonable sentencing court would have imposed the same sentence … for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568. Even though the term exceeds what the Guidelines recommend, we may not presume its unreasonableness simply for falling outside the advisory range, *id.* at 567, as the Guidelines are just that— advisory—and a district court has "broad discretion in imposing a sentence within [the] statutory range," *United States v. Booker*, 543 U.S. 220, 233 (2005); *see, e.g.*, *Schweitzer*, 454 F.3d at 201-02, 204 (upholding upward variance to 84 months from recommended

5

Guidelines range of 46-57 months). Our review of the record, guided by counsel's brief, thus reveals no non-frivolous issues.

"[E]ven if we were to consider the issues identified … in [Washington's] *pro se* brief, which is not required because we find counsel's *Anders* brief adequate, … our conclusion would not change." *Langley*, 52 F.4th at 575 (citation omitted). Washington identifies two issues: (1) neither of his prior convictions are crimes of violence, so the District Court erred in "giv[ing] [him] double the time"; and (2) his sentence is excessive and a result of his "going to trial and not taking [his] initial deal." Washington Br. 4-5. Each is frivolous.

First, the District Court *agreed* with Washington that his conviction for aggravated assault, like his conviction for aggravated robbery, was not a crime of violence and calculated his sentencing range accordingly. But, as explained, it was neither bound by it nor abused its discretion in varying upward. Second, Washington's conclusory claim that he is "the only person who got this much of a sentence for his 1st offense" is both confusing—this was not his first offense by any means—and a far cry from showing that his "circumstances exactly paralleled" those of similarly situated defendants who received lower sentences, as a defendant challenging his sentence as creating unwarranted disparities must do. *United States v. Iglesias*, 535 F.3d 150, 161 n.7 (3d Cir. 2008) (citation omitted).[3]

---

[3] We don't make much of Washington's claim that the length of the sentence imposed by the District Court was based on his going to trial rather than pleading guilty. Nothing in the record even remotely suggests the Court held that decision (or his choice to represent himself at his second trial) against him at sentencing.

Because we can identify no other potential grounds for appellate review, we grant counsel's *Anders* motion and affirm the District Court's judgment.