**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

------------

No. 24-2220

------------


UNITED STATES OF AMERICA

v.

VICTORIUS MINTER,
                                                  Appellant

------------

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:22-cr-00135-001)
District Judge:  Honorable Robert D. Mariani

------------

Submitted under Third Circuit L.A.R. 34.1(a)
on May 22, 2025

Before: PHIPPS, CHUNG and ROTH, *Circuit Judges*

(Opinion filed: January 16, 2026)

Elliot A. Smith
Office of Federal Public Defender
201 Lackawanna Avenue
Suite 317
Scranton, PA 18503

    *Counsel for Appellant*


Christian T. Haugsby
Carlo D. Marchioli
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102

    *Counsel for Appellee*

_____

## OPINION OF THE COURT
_____

ROTH, *Circuit Judge*

Victorious Minter was convicted of unlawfully possessing a firearm and sentenced to 100 months' incarceration. Because a recent Supreme Court ruling forecloses his only colorable argument on appeal, we will affirm his judgments of conviction and of sentence.

**I.**

On January 5, 2022, Scranton police received a report that a man matching Minter's description had brandished a gun at another driver during a road-rage incident. Shortly afterwards, officers pulled over Minter (who was driving with his partner and infant son) and noticed a loaded Glock .22 semi-automatic pistol in plain view. At the time, Minter had numerous prior felony convictions (including one for which he remained on state parole). He was accordingly charged, tried, and convicted of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the District Court calculated his guidelines offense level at 30, and his criminal history category at 4, yielding an effective guidelines sentence of 120 months.[1] The District Court then imposed a below-guidelines sentence of 100 months. Minter appealed.

## II.

The District Court had original jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "We review anew the District Court's legal conclusions, including its determination that a conviction constitutes a 'crime of violence' under the Guidelines."[2]

## III.

---

[1] Although Minter's guidelines range would ordinarily have been 151–188 months, this would have exceeded the 120 month statutory maximum for his offense.

[2] *United States v. Payo*, 135 F.4th 99, 104 (3d Cir. 2025).

Minter brings two challenges to his conviction, neither of which need occupy us for long. First, he argues that the District Court improperly held (and instructed the jury) that the interstate commerce element of § 922(g)(1) could be met by proving the firearm in question had previously crossed a border or state line. Second, he argues that § 922(g)(1) unconstitutionally infringes upon his right to bear arms under the Second Amendment. Minter concedes that both challenges are foreclosed by binding circuit precedent, and raises them solely to preserve the issues for potential en banc or Supreme Court review.[3] We will accordingly affirm his conviction, deeming his challenges so-preserved.[4]

## IV.

U.S.S.G § 2K2.1(a)(1) provides for a heightened base offense level where a § 922(g)(1) defendant has (among other criteria) previously sustained "at least **two** felony convictions of either a crime of violence or a controlled substance offense."[5] As relevant to this appeal, "crimes of violence" are felonies which have "as an element the use, attempted use, or

---

[3] *See United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001) (holding that proof that "the gun ha[s] traveled in interstate commerce, at some time in the past, [is] sufficient to satisfy the interstate commerce element" of § 922(g)(1)); *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025) (holding that "§ 922(g)(1) is constitutional as applied to convicts on parole or probation").

[4] *See* 3d Cir. I.O.P. 9.1 ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels.").

[5] Emphasis added.

4

threatened use of physical force against the person of another."[6] The District Court found that § 2K2.1(a)(1) applied because Minter had previously been convicted of: (1) possession of a controlled substance with intent to deliver (under Pennsylvania law), and (2) unlawful wounding (under Virginia law). Minter argues that this determination improperly treated his unlawful wounding conviction as a "crime of violence."[7]

Minter does not (and cannot) dispute that this conviction—which involved a stabbing—involved force, and would be considered violent under any conventional definition. But this does not end our inquiry, because § 2K2.1(a)(1) is one of those peculiar provisions requiring us to "use the much-maligned categorical approach,"[8] under which "we not only ignore the actual manner in which the defendant committed the prior offense, but also presume that the defendant did so by engaging in no more than the minimum conduct criminalized

---

[6] U.S.S.G. § 4B1.2(a)(1). The government has not argued that any of Minter's prior offenses qualify as crimes of violence under the alternative, enumerated-offense, definition provided in U.S.S.G. § 4B1.2(a)(2).

[7] At sentencing, Minter also challenged the District Court's determination that his Pennsylvania drug conviction qualified as a "controlled substance offense." Minter did not renew this argument on appeal, so we do not consider it. *See generally Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017).

[8] *See United States v. Vines*, 134 F.4th 730, 733 (3d Cir. 2025).

5

by the state statute."[9]  So we must close our eyes to Minter's actual conduct, and decide whether *all* unlawful wounders can be said to have committed crimes of violence.

We look then to the minimum conduct criminalized by Virginia's unlawful wounding statute, which is "unlawfully" "by any means caus[ing any person] bodily injury, with the intent to maim, disfigure, disable, or kill."[10]  Minter argues that these elements sweep too broadly for a crime of violence, because they can theoretically be met without an affirmative act.  He relies heavily on our holding in *United States v. Mayo*[11] that Pennsylvania's aggravated assault statute was not

---

[9] *See United States v. Henderson*, 80 F.4th 207, 210–11 (3d Cir. 2023) (cleaned up); *see also Mathis v. United States*, 579 U.S. 500, 513 (2016) (noting that the "means by which [the defendant] committed his prior crimes" are "irrelevant").

[10] *See* Va. Code. Ann. § 18.2-51.  The government suggests that unlawful wounding under § 18.2-51 may be a divisible offense, such that the minimal elements of Minter's conviction were actually "unlawfully" "shoot[ing,] stabb[ing,] cut[ting,] or wound[ing] any person."  *See id.*; *see generally United States v. Peppers*, 899 F.3d 211, 227–28 (3d Cir. 2018) (discussing the "modified categorical approach" used for analyzing divisible offenses).  The government acknowledges that it did not raise this argument before the District Court, let alone provide it with *Shepard* documentation supporting a narrower conviction, so we do not consider this argument on appeal.  *See Peppers*, 899 F.3d at 232 (declining to apply the modified categorical approach where neither the government nor the appellant provided the sentencing court with the appellant's *Shepard* documents).

[11] 901 F.3d 218 (3d Cir. 2018).

categorically violent, because it could be violated by certain acts of omission (like a parent starving their child).[12]  We rejected the government's argument that, because aggravated assault required a perpetrator to cause (or attempt to cause) the infliction of serious bodily injury, even acts of omission involved the use of physical force as such injury could not be inflicted in its absence.[13]  While recognizing that the Supreme Court held in *United States v. Castleman*[14] that it "is impossible to cause bodily injury without applying *force in the common-law sense*," we noted that *Castleman* expressly reserved whether this was true for crime-of-violence provisions which differed from the common-law definition in that they required the offending force to be "violent force."[15]  In other words, we concluded that although inflicting serious bodily injury involved common-law physical force, it did not necessarily involve "physical force" as the term is used in the Armed Career Criminal Act (ACCA).[16]  Our holding presupposed that

---

[12] *Mayo*, 901 F.3d at 227–28.  Although *Mayo* addressed the crime of violence provision in 18 U.S.C. § 924(e)(2)(B)(i), rather than § 4B1.2(a)(1), the two provisions are materially identical, and decisions addressing one of them are "binding on our analysis" for the other.  *See United States v. Harris*, 68 F.4th 140, 144 n.3 (3d Cir. 2023).

[13] *Mayo*, 901 F.3d at 228–29.

[14] 572 U.S. 157 (2014).

[15] *Mayo*, 901 F.3d at 228–29 (emphasis added) (quoting *Castleman*, 572 U.S. at 170).

[16] *See* 18 U.S.C. § 924(e)(2)(B).

the Supreme Court would not extend *Castleman* to such provisions if given the chance.[17]

The government, for its part, argues that despite its apparent similarity to the provision at issue in *Mayo*, Virginia's unlawful wounding statute cannot in fact be violated by omission. We need not decide whose reading of the statute is better. While this appeal was pending, the Supreme Court decided in *Delligatti v. United States*[18] that the "knowing or intentional causation of injury or death, whether by act or omission, necessarily involves the use of physical force against

---

[17] *See Mayo*, 901 F.3d at 228–29. We have since reaffirmed *Mayo*'s holding repeatedly, *see, e.g.*, *Harris*, 68 F.4th at 146; *United States v. Jenkins*, 68 F.4th 148, 152 n.6 (3d Cir. 2023), while also repeatedly noting the oddity of treating prototypically violent assault offenses as "non-violent." *See Mayo*, 901 F.3d at 230 ("We recognize that the result we reach here is wholly unsatisfying and counterintuitive . . . [b]ut that's the categorical approach for you."); *Harris*, 68 F.4th at 148 (noting that our holding was "counterintuitive" but was "the consequence of the [categorical approach's] restricted, and perhaps sometimes under-inclusive, application"); *Jenkins*, 68 F.4th at 155 ("The categorical approach requires this upside-down result even though criminal sentences should be governed by justice and fairness, not formalism. . . . What a world."); *see also United States v. Harris*, 88 F.4th 458, 459 (3d Cir. 2023) (Jordan, J., joined by Chagares, C.J. and Hardiman, Krause, Bibas, Porter, & Matey, J.J., concurring in denial of rehearing en banc) ("[W]e are unable to explain how our holding in this case satisfies basic notions of right and wrong.").

[18] 604 U.S. 423 (2025).

another person."[19]  In reaching this conclusion, the Supreme Court rejected our reasoning in *Mayo* that *Castleman*'s logic did not extend to the ACCA's definition of "physical force."[20] And although *Delligatti* addressed the crime-of-violence provision in 18 U.S.C. § 924(c)(3)(A), we see no basis for distinguishing that provision from its similarly worded siblings.[21]  As such, even assuming Minter's conviction was improper under our holding in *Mayo*, our holding in *Mayo* is no longer good law.[22]  Because Minter raises no other challenges to his sentence, we will therefore affirm his sentence as well.

## IV.

Minter's challenges to his conviction are barred by circuit precedent.  And his challenge to his sentence has now been barred by Supreme Court precedent.  For these reasons, we will affirm his judgments of conviction and of sentence.

---

[19] *Id.* at 439.

[20] *See id.* at 429–30.

[21] Unlike § 4B1.2(a)(1) (which is at issue here), and § 924(e)(2)(B)(i) (which we considered in *Mayo*), § 924(c)(3)(A) can be satisfied by violence against property. We see no reason that distinction should matter for the purpose of this appeal, and the provisions are otherwise materially identical.

[22] *See Fisher v. Hollingsworth*, 115 F.4th 197, 206 (3d Cir. 2024) ("Respect for our own precedents must succumb when a prior holding of our Court conflicts with a subsequent Supreme Court holding." (cleaned up)).