**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1914
_____

UNITED STATES OF AMERICA

v.

TERELL CRUMP,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:17-cr-00150-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 15, 2026
_____

Before: SHWARTZ, CHUNG, and AMBRO, <u>Circuit Judges</u>.

(Filed: January 21, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Terell Crump appeals his sentence for a firearms conviction. Because his appellate waiver bars two of his arguments and the sentence imposed was reasonable, we will affirm.

I

Edward Rivera posted photos and a live-streamed video on social media of himself and Crump firing guns out of a window of a home in a densely populated Philadelphia neighborhood during the daytime. Stills of the video also captured Crump handling, and placing in his waistband, a firearm owned by Rivera, which, according to Rivera, had an obliterated serial number. Crump engaged in this conduct while on parole for Pennsylvania robbery and aggravated assault convictions.

Crump was charged with and pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). His plea agreement included an appellate waiver subject to five exceptions.[1] At his plea hearing, the District Court reviewed the

---

[1] Crump's plea agreement provides that he may raise only the following five issues on appeal:

> (1) that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count . . . ; (2) challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines; (3) challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; (4) that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel; (5) that the

2

agreement, including the appellate waiver, and found that Crump entered the agreement knowingly and voluntarily.

At Crump's 2022 sentencing hearing, the District Court determined that Crump's total offense level and criminal history resulted in a Sentencing Guidelines range of 121 to 151 months' imprisonment and sentenced him to the statutory maximum sentence of 120 months' imprisonment.[2] Crump appealed, and we vacated his sentence based on an error under then-existing law concerning whether his aggravated assault conviction could be used to enhance his base offense level, and remanded to the District Court for resentencing.[3] See United States v. Crump, No. 22-3379, 2023 WL 7297334, at *2-3 (3d Cir. Nov. 6, 2023) (not precedential).

---

district court decided adversely to the defendant the following issue: whether the defendant's previous convictions for aggravated assault and robbery qualif[y] as "crimes of violence" pursuant to U.S.S.G. § 4Bl.2(a).

Supp. App. 11-12.

[2] In so doing, the District Court held that (1) Crump's base offense level was 24 because he committed the offense before us after sustaining two felony convictions for crimes of violence: robbery, in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii), and aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702(a)(3); (2) a four-level enhancement to Crump's base offense level for possessing a firearm and ammunition in connection with another felony offense, namely, reckless endangerment of another person, in violation of 18 Pa. Cons. Stat. § 2705, under U.S.S.G. § 2K2.1(b)(6)(B) (2023) (since renumbered § 2K2.1(b)(7)(B)), applied; and (3) a four-level enhancement to Crump's base offense level for possessing a gun with an obliterated serial number under U.S.S.G. § 2K2.1(b)(4) (2023) (since amended), applied.

[3] In vacating the ruling, we cited United States v. Jenkins, 68 F.4th 148 (3d Cir. 2023), which held that "second-degree aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a)(3) can be committed by a failure to act, so it is not a 'violent felony.'" Id.

On remand, the District Court again determined that Crump's base offense level and criminal history resulted in a range of 121 to 151 months' imprisonment and sentenced him to the statutory maximum sentence of 120 months' imprisonment. In addition to overruling Crump's objections to the two four-level enhancements to his base level offense under U.S.S.G. §§ 2K2.1(b)(4) and (b)(6)(B), the Court held that his conviction for second degree aggravated assault constituted a crime of violence because the statutory language showed that the crime could not be committed simply by an offensive touching without bodily harm.

The District Court further explained that, even if aggravated assault were not a crime of violence, and Crump's Guidelines range were lowered to 84-105 months' imprisonment, it would still vary upward and impose a 120-month sentence. The Court noted mitigating information that Crump had an extensive history of mental health problems and substance abuse, and had challenges accessing adequate treatment while incarcerated,[4] but emphasized that, "since being incarcerated, Crump ha[d] committed twenty-four infractions for violations that include multiple assaults, refusals to obey

---

at 155. The Supreme Court thereafter clarified that "[t]he knowing or intentional causation of injury or death, whether by act or omission, necessarily involves the use of physical force against another person." Delligatti v. United States, 604 U.S. 423, 439 (2025). Due to this intervening decision, the "law of the case" doctrine and our earlier precedent on this subject of omission do not control the outcome here. In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 439 (3d Cir. 2009); In re Krebs, 527 F.3d 82, 84 (3d Cir. 2008) ("A panel of this Court may reevaluate the holding of a prior panel which conflicts with intervening Supreme Court precedent.").

[4] The District Court also considered the report submitted by Crump's mitigation specialist but did not find it convincing.

orders, insolence, repeated incidents of indecent exposure, disruptive conduct, destroying property, drug use, and possession of a hazardous tool," and concluded that this "'horrendous' record compelled" a 120-month sentence. Supp. App. 67.

Crump appeals.

## II[5]

## A[6]

We first address whether Crump in his plea agreement waived his objections to the District Court's imposition of Guidelines enhancements under U.S.S.G. §§ 2K2.1(b)(4) and (b)(6)(B). To determine if he waived these objections, we consider whether (1) "the waiver of the right to appeal [his] sentence was knowing and voluntary;" (2) an exception in the agreement permits appeal of these issues; and (3) "enforcing the waiver would work a miscarriage of justice." United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008) (internal quotation marks and citation omitted).

All three considerations support enforcing Crump's appellate waiver. First, Crump entered into the plea agreement and appellate waiver knowingly and voluntarily. Second, the scope of the plea agreement's waiver bars appellate review of the two sentencing enhancements to which Crump objects. Crump's plea agreement has five

---

[5] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[6] We exercise "plenary review in deciding whether an issue raised by a defendant falls within the scope of an appellate waiver in his plea agreement." United States v. Goodson, 544 F.3d 529, 537 n.6 (3d Cir. 2008).

exceptions to the appellate waiver and challenges to sentencing enhancements under the Sentencing Guidelines do not fall within any of these exceptions.[7]  Third, enforcing the waiver would not work a miscarriage of justice.  Crump argues only that the enhancements under U.S.S.G §§ 2K2.1(b)(4) and (b)(6)(B) amounted to sentencing errors, but "a district court's arguably erroneous calculation of a guidelines range is precisely the kind of garden variety claim of error contemplated by [an] appellate waiver[]" and enforcing the waiver in such a circumstance "is not a miscarriage of

_____

[7] To avoid this conclusion, Crump insists that application of these enhancements constitutes an upward departure or variance because the enhancements were erroneously applied.  He is mistaken because "[a]n 'enhancement' is an adjustment to the base offense level as specifically provided by the Guidelines, whereas an 'upward departure' is a discretionary adjustment to the Guidelines range once calculated," United States v. Shedrick, 493 F.3d 292, 298 n.5 (3d Cir. 2007), and a "variance[]" is a "discretionary change[] to a guidelines sentencing range based on a judge's review of all the § 3553(a) factors," United States v. Brown, 578 F.3d 221, 226 (3d Cir. 2009).   Because a sentencing enhancement is neither a departure nor a variance, Crump's arguments regarding the enhancements under U.S.S.G §§ 2K2.1(b)(4) and 2K2.1(b)(6)(B) are waived under the plea agreement's appellate waiver.

justice." United States v. Castro, 704 F.3d 125, 141-42 (3d Cir. 2013) (internal quotation marks and citations omitted).

Because Crump waived appellate review of the District Court's application of these Guideline enhancements in his plea agreement, we do not review those claims.

B[8]

Crump also argues that the District Court wrongly held that his conviction for second-degree aggravated assault is a "crime of violence," and thus applied the incorrect base offense level. We need not address this argument because the District Court explained that, even if second-degree aggravated assault were not a crime of violence, it would still vary upwards to impose a 120-month, above-Guidelines sentence. United States v. Carter, 730 F.3d 187, 193 (3d Cir. 2013) (explaining that any error in sentence due to finding that defendant previously committed a "crime of violence" would be harmless "because the District Court explained that it would have ordered the same sentence even without finding a 'crime of violence'"). Therefore, we will examine whether that variance, and thus the ultimate sentence, would have been reasonable.

---

[8] In reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances. United States v. Douglas, 885 F.3d 145, 150 (3d Cir. 2018). "Absent significant procedural error, 'we will affirm [the sentence as substantively reasonable] unless no reasonable sentencing court would have imposed the same sentence on th[e] particular defendant for the reasons the district court provided.'" Id. (alterations in original) (quoting United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)); see also Tomko, 562 F.3d at 567 (explaining that the substantive reasonableness of a sentence is reviewed for abuse of discretion).

"Where . . . a district court decides to vary from the Guidelines' recommendations, we 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Tomko, 562 F.3d 558, 561 (3d Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  Crump argues that the sentence was substantively unreasonable because the District Court, in imposing the statutory maximum sentence, failed to adequately (1) consider Crump's extensive history of mental health problems and substance abuse, and (2) address the adequacy of the treatment he received while incarcerated.  This argument is unavailing. First, a claim that a court did not adequately consider an argument is a procedural reasonableness challenge, which Crump does not make.  Even if he did, the District Court considered both of those mitigating factors at Crump's resentencing.  Second, "a district court's failure to give mitigating factors the weight a defendant contends they deserve does not make a sentence substantively unreasonable." United States v. Seibert, 971 F.3d 396, 402 (3d Cir. 2020) (internal quotation marks and citations omitted), opinion clarified, 991 F.3d 1313 (3d Cir. 2021).  Instead, we "defer to the District Court's application of the § 3553 factors" and the weight given to them because "[i]t is the trial court that 'sees and hears the evidence, makes credibility determinations, [and] has full

knowledge of the facts and gains insights not conveyed by the record.'" Id. (second alteration in original) (quoting Tomko, 562 F.3d at 561).[9]

Considering the totality of the circumstances, including Crump's prior convictions, the risk of harm the conduct underlying the instant conviction presented, his lengthy record of misconduct while incarcerated, his history of mental health problems and substance abuse, and the purported inadequacy of the treatment for these issues, the District Court would have acted within its discretion to impose an upward variance, and we cannot say that no reasonable sentencing court would have imposed the same sentence. Therefore, even if the District Court had erred in finding that Crump was previously convicted of a crime of violence, his 120-month sentence is substantively reasonable.

## III

For the foregoing reasons, we will affirm.

---

[9] See also United States v. Johnson, 803 F.3d 610, 620 (11th Cir. 2015) (deferring to "weight . . . given to each of [the § 3553] factors" by the district court and affirming imposition of an upward variance as substantively reasonable); United States v. Nelson, 793 F.3d 202, 207 (1st Cir. 2015) (affirming upward variance that "reflect[ed] the sentencing judge's concerted deliberation").