**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3367
_____

UNITED STATES OF AMERICA

v.

SHIHEEM AMOS,
                    Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-CR-00571-001)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 15, 2026
_____

Before: SHWARTZ, CHUNG, and AMBRO, <u>Circuit Judges</u>.

(Filed:  January 21, 2026)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Shiheem Amos appeals his sentence for a firearms conviction.  Because the sentence was reasonable, we will affirm.

I

Amos pleaded guilty to being a felon in possession of a firearm and was sentenced to 62 months' imprisonment followed by three years' supervised release.  The 62-month sentence was based, in part,[1] on the District Court's finding that Amos was convicted of a crime of violence, namely, second-degree aggravated assault under 18 Pa. Cons. Stat. § 2702(a), which resulted in a base offense level of 20 under Sentencing Guideline § 2K2.1(a)(4)(A).  <u>United States v. Amos</u>, 88 F.4th 446, 450 (3d Cir. 2023.  Amos appealed the sentence.  We vacated the sentence and remanded, holding that Amos's aggravated assault conviction was not a crime of violence under § 2K2.1(a)(4)(A), as defined by U.S.S.G. § 4B1.2(a).  <u>Amos</u>, 88 F.4th at 458.[2]

_____

[1] At sentencing, the District Court also considered Amos's criminal history, which included one juvenile adjudication and ten adult convictions, including for fleeing and eluding police, robbery, assault, aggravated assault, and terroristic threats.

[2] In vacating the ruling, we relied upon <u>United States v. Jenkins</u>, which held that "second-degree aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a)(3) can be committed by a failure to act, so it is not a 'violent felony.'"  68 F.4th 148, 155 (3d Cir. 2023).  After resentencing in this case, the Supreme Court clarified that "[t]he knowing or intentional causation of injury or death, whether by act or omission, necessarily involves the use of physical force against another person."  <u>Delligatti v. United States</u>, 604 U.S. 423, 439 (2025).  Due to this intervening decision, the "law of the case" doctrine and our earlier precedent on this subject of omission do not control the outcome here.  <u>In re Pharmacy Benefit Managers Antitrust Litig.</u>, 582 F.3d 432, 439 (3d Cir. 2009); <u>In re</u>

2

While that appeal was pending, Amos completed his prison term.  After his release, Amos: (1) was charged with robbery and inflicting serious bodily injury; (2) failed to secure mental health treatment; and (3) left the Eastern District of Pennsylvania without authorization from his probation officer and his location was unknown to probation.  While in absconder status, Amos: (1) stole a coat from a department store, to which he eventually pleaded guilty; and (2) was arrested for providing false identification to a police officer and identity theft.  The Probation Office filed petitions charging that Amos violated the condition of release that directed that he commit no other state, federal, or local crime.

Instead of addressing the petitions, the District Court and the parties agreed to conduct a resentencing, and a Supplemental Pre-Sentence Report was prepared.  At the resentencing, the Court observed that (1) the total offense level was 12, based on (a) a base offense level of 14,[3] and (b) a two-level reduction for acceptance of responsibility, and (2) Amos's criminal history category was VI based on (a) his juvenile adjudication and thirteen adult convictions, and (b) the fact that he committed the instant offense while under a sentence for another offense.  This total offense level and criminal history

---

Krebs, 527 F.3d 82, 84 (3d Cir. 2008) ("A panel of this Court may reevaluate the holding of a prior panel which conflicts with intervening Supreme Court precedent.").

[3] Because the District Court did not apply the base offense level applicable to a defendant convicted of a crime of violence, we need not decide whether Amos's second-degree aggravated assault conviction is a crime of violence under § 2K2.1(a)(4)(A).

category resulted in a Guidelines range of 30–37 months. No party objected to the Guidelines calculation.

The District Court then reviewed the 18 U.S.C. § 3553(a) factors and concluded that Amos's crime was serious and that his criminal history and post-release conduct demonstrated that he could not be deterred from further criminal activity. Although the Court did not find he committed the robbery, it viewed body camera footage that showed that he provided false identification to a law enforcement officer and committed identity theft. The Court further recognized that although Amos's aggravated assault conviction did not support a crime-of-violence enhancement to his base offense level, the violent conduct underlying the conviction was still a fact of Amos's background that could be considered under § 3553. The Court also considered Amos's mental health, substance abuse, and unstable family life.[4] Regarding the need to avoid unwarranted sentencing disparities, the Court noted an absence of defendants with comparable conduct, and that Amos's history of reoffending supported a variance to the 120-month statutory maximum, which the Court stated was "the only sentence that . . . was faithful to the 3553(a) factors." App. 270.

Amos appeals.

---

[4] At the resentencing, Amos also presented a high school diploma and employment verification letters, which the Court concluded did not "seem to be accurate or true." App. 263.

II[5]

Amos argues that his sentence is substantively unreasonable because, when considering the § 3553(a) factors, the District Court gave (1) undue weight to Amos's criminal history, including his offenses since his release and the seriousness of the instant offense, and (2) too little weight to the goal of avoiding sentencing disparities.

Neither argument provides a basis for relief. We defer to "the District Court's application of the § 3553 factors" and the weight given to them because "[i]t is the trial court that 'sees and hears the evidence, makes credibility determinations, [and] has full knowledge of the facts and gains insights not conveyed by the record.'" United States v. Seibert, 971 F.3d 396, 402 (3d Cir. 2020)(second alteration in original) (quoting United States v. Tomko, 562 F.3d 558, 561 (3d Cir. 2009) (en banc)), opinion clarified, 991 F.3d 1313 (3d Cir. 2021).[6] Even if we disagree with the sentence, that disagreement is not a basis for vacatur under our deferential standard of review. See Concepcion v. United

---

[5] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the substantive reasonableness of a sentence for abuse of discretion and will affirm "unless no reasonable sentencing court would have imposed the same sentence on th[e] particular defendant for the reasons the district court provided." United States v. Douglas, 885 F.3d 145, 150 (3d Cir. 2018) (alteration in original) (quoting United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)).

[6] See also United States v. Johnson, 803 F.3d 610, 620 (11th Cir. 2015) (deferring to "weight . . . given each of [the § 3553(a)] factors" by the district court and affirming imposition of an upward variance as substantively reasonable); United States v. Nelson, 793 F.3d 202, 207 (1st Cir. 2015) (affirming upward variance that "reflect[ed] the sentencing judge's concerted deliberation").

States, 597 U.S. 481, 501 (2022) ("[I]t is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." (quoting Solem v. Helm, 463 U.S. 277, 290, n.16 (1983))). That deference is warranted here.

First, the District Court properly considered Amos's criminal history. That history began in 2002, and includes convictions for robbery, assaults, and fleeing and eluding police. In connection with those offenses, Amos punched strangers in the face, kicked a correctional officer, and caused a car accident involving two other occupied vehicles. After his release in this case,[7] Amos engaged in additional criminal acts, failed to engage with mental health treatment, and absconded from supervision, showing that he is resistant to deterrence and ill-suited for non-incarceratory sentencing options. See United States v. Bungar, 478 F.3d 540, 546 (3d Cir. 2007) (affirming an above-Guidelines sentence as substantively reasonable based on the defendant's "return to illegal conduct" and "extensive history of violent criminal offenses"). This history supports the variance and resulting sentence.

Second, the District Court adequately considered the need to avoid unwarranted sentencing disparities. The Court acknowledged this factor and noted a lack of comparable defendants. Ultimately, it decided that under the § 3553(a) factors, the 120-

---

[7] Amos does not challenge the District Court's conclusions that he presented false identification to a police officer, committed identity theft, or committed retail theft after his release.

6

month sentence imposed was the only appropriate one. Although Amos argues that he should be compared to other felon-in-possession defendants who violated the terms of their supervised release, and thus face 24-month maximum sentences, Amos's circumstances differ. Amos was resentenced for his original conviction, not for violating his supervised release.[8] In any event, "a district court's failure to give mitigating factors," including § 3553(a) factors like the defendant's personal history or the need to avoid sentencing disparities, "'the weight a defendant contends they deserve' does not make a sentence substantively unreasonable." Seibert, 971 F.3d at 402 (quoting Bungar, 478 F.3d at 546).

Considering the totality of the circumstances, United States v. Douglas, 885 F.3d 145, 150 (3d Cir. 2018), including Amos's criminal conduct both before and after his prior sentence, his history of mental health and substance abuse issues, and the need to deter criminal activity and protect the public, the District Court acted within its discretion to impose an upward variance to 120 months, and, under the deferential standard that we must apply, we cannot say that no reasonable sentencing court would have imposed the same sentence.

III

For the foregoing reasons, we will affirm.

---

[8] Amos argues that the seriousness of the offense is accounted for by the Guidelines, but § 3553(a)(2)(A), which is to be considered separately from the Guidelines range, specifically instructs the District Court to consider the seriousness of the offense.

7